MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Doreen S. and Gerald A., to their six year old son, Gerald S., born on February 8, 1991. This child came into the care of the Department of Children and Families, hereafter "Department", due to his mother's voluntary placement on December 9, 1994. He was adjudicated an "uncared for" child and committed CT Page 8577 to the Department on September 25, 1995. He is a special needs child.
The court finds that the mother has appeared and has a court appointed attorney. The court further finds that the father was served by publication as ordered by the court. Such service was in the Journal Inquirer, a newspaper circulating in the greater Manchester area as it was believed that he resided in Rockville, Connecticut. Further notice by publication was provided. He has not appeared and is not represented by counsel. He was defaulted for failure to appear on September 5, 1996 (Peck, J.). The father has had no contact with Gerald since 1994, has not supported this child and has demonstrated no interest in the child for over three years. The court further finds that it is unnecessary to appoint an attorney for his male biological parent. The court finds that it has jurisdiction in this matter and there is no pending action affecting custody of Gerald S. in any other court.
The court, having read the verified petition, the social studies and the various documents entered into evidence, and having heard the testimony of the Department social worker, Dawn Doty and of Dr. David Mantell, makes the following findings by clear and convincing evidence.
The mother does not contest the termination of her rights. She consented to the termination, after review of the matter with her counsel, and filed a written consent with the court. The court finds her consent to have been voluntarily and knowingly made with the advice and assistance of competent counsel and with a full understanding of the consequences of her act. Upon acceptance of her consent, the petition was amended to allege consent as the sole ground for the termination of her parental rights.
The father, Gerald A. has had no contact with the child since the child's voluntary placement with the department in December of 1994. He has never contacted the Department to inquire about the well-being of his son. He has failed to meet the basic needs of this child and has never had a relationship with him. He has never provided any support for his son.
ADJUDICATION
With respect to the statutory grounds for termination of parental rights, the court finds, by clear and convincing CT Page 8578 evidence, that as of August 15, 1996, this child had been abandoned by Gerald A., his biological father, as he had not maintained a reasonable degree of interest, concern or responsibility for Gerald S. as set forth in Connecticut General Statutes § 17a-112 (c)(3)(A). "A parent must maintain a reasonable degree of interest in the welfare of his or her child. `Maintain' implies a continuing reasonable degree of concern." InRe Michael M., 29 Conn. App. 112, 614 A.2d 832 (1992) quoting InRe Rayna M., 3 Conn. App. 23, 37-38, 534 A.2d 897 (1987). The court will further find that there is no ongoing relationship between Gerald A. and his son. Given the length of time his biological father has been absent from his life, it is not in this child's best interests to allow more time for the establishment of a relationship with this parent, as set forth in Connecticut General Statutes § 17a-112 (c)(3)(D). In reMigdalia M., 6 Conn. App. 194, 211, 504 A.2d 532 (1986); In reJuvenile Appeal (84-3), 1 Conn. App. 463, 473 A.2d 795 cert. denied, 193 Conn. 802, 474 A.2d 1259 (1984); In re JuvenileAppeal (Anonymous), 177 Conn. 648, 420 A.2d 875 (1979). The court further finds the facts supporting the finding of abandonment and no ongoing parent child relationship have existed for an extended period of time in excess of one year prior to the date of the filing of the petition for termination of parental rights.
REQUIRED FINDINGS
The court will make no findings regarding Doreen S., the biological mother of Gerald S. as same are not required due to her consent to the termination of her parental rights. The court makes the following factual findings required by Connecticut General Statutes § 17a-112 (e) concerning the father, Gerald A:
1) Timeliness, nature and extent of services offered and made available to the parent and the child in order to facilitate the reunion of the child with the parent; Such services could not be offered as the father was unavailable and evidenced no interest in this child. The biological father never contacted the Department concerning such services.
2) The court finds that the Department made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. The court finds in this proceeding that the father was unwilling and unavailable to benefit from reunification efforts. CT Page 8579
3) The terms of an applicable court order entered into and agreed upon by any individual agency and the parent and the extent to which all parties have fulfilled their obligations under such order; No such orders were entered as to the biological father as to do so in his absence and due to his lack of participation would have been futile.
4) The child has strong emotional ties with the foster family who have provided the physical, emotional and educational support this child needs and requires. The child does not know and has no emotional ties to his biological father.
5) Finding regarding the age of the child. Gerald S. is six years and seven months old.
6) Finding regarding efforts of the father to adjust his circumstances, conduct or conditions to make it in the best interests of the child to return him to his home in the foreseeable future; as the father's present whereabouts are unknown and as he has not participated in his son's life since 1994, it is clear that he has made no such efforts.
7) Finding regarding the prevention of the father from having a meaningful relationship, etc. The Department has not been in a position to encourage contact due to the father's voluntary absence from this child's life. No unreasonable conduct is noted.
DISPOSITION
For at least half of his life, Gerald's situation has been unresolved. He remains in a foster home where his foster parents are supportive of him and care for him. He is very close to his foster mother. She is able to deal appropriately with his attention deficit and hyperactivity disorder as well as his reactive attachment disorder difficulties. He needs the stability and consistency that are provided by his foster family. Based upon the clear and convincing evidence and the foregoing findings, the court determines that it is in Gerald's best interest as of September 9, 1997 that a termination of parental rights enter with respect to his mother, Doreen S., and his father, Gerald A. This finding is made after considering this child's sense of time, his need for a secure and permanent environment and his close relationship with his foster mother. The court therefore hereby ORDERS that the parental rights of CT Page 8580 Doreen S. and Gerald A. are terminated. It is further ordered that the Department is appointed the statutory parent of Gerald S. for the purpose of securing an adoptive family. The commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by State and federal law.
Barbara M. Quinn, Judge Child Protection Session